In re Roy Lee THOMPSON d/b/a
Thompson Honey Co., Soc. Sec.
# 558–42–4092, Debtor.

Roy Lee THOMPSON, Plaintiff,

v.

FIRST STATE BANK OF HIGHMORE, a
Banking Corporation; C & T Honey
Company, a partnership comprised of
general partners Howard A. Cables and
Donald Thomas; and Donald Thomas
and Howard A. Cables, Individually, De-
fendants.

Bankruptcy No. 379–00050(C).
Adversary No. 379–0002.

United States Bankruptcy Court,
D. South Dakota.

March 27, 1980.

J. Bruce Blake, Sioux Falls, S.D., for
plaintiff.

David M. Axtmann, Highmore, S.D., for
defendants.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Debtor filed a Chapter 13 Petition and
Schedules on December 12, 1979. On De-
cember 13, 1979, Debtor filed a Complaint
naming the above-mentioned parties as De-
fendants. Debtor alleged that Defendants
wrongfully removed 1,600 beehives and
bees while exercising a creditor's alleged
right of self help. Approximately $20,-
000.00 in damage allegedly occurred to the
beehives and bees while Defendants were in
the process of repossessing the beehives and
bees. The beehives and bees have been
returned to Debtor. Defendants have filed
a Motion to Dismiss on the grounds that
this Court lacks jurisdiction of the subject
matter.

The Bankruptcy Reform Act of 1978 ap-
plies in all cases filed after October 1, 1979.
Section 241(a) of the Bankruptcy Reform
Act of 1978, Public Law 95–598, amended
28 U.S.C. by adding Chapter 90, Sections
1471 through 1482. Although 28 U.S.C.
Chapter 90 does not become law until April
1, 1984, Title IV, Section 405(b) of the
Bankruptcy Reform Act of 1978, Public
Law 95–598, provides that:

"During the transition period, the amend-
ments made by sections 241 . . . of
this Act shall apply to the courts of bank-
ruptcy."

28 U.S.C. Section 1471 rests in the Dis-
trict Court original and exclusive jurisdic-
tion of all Title 11 cases, and original, but
not exclusive, jurisdiction of all civil pro-
ceedings arising under Title 11 or arising in
or related to cases under Title 11. 28
U.S.C. Section 1471(c) provides that:

"The bankruptcy court[s] for the district
in which a case under title 11 is com-
menced shall exercise all of the jurisdic-
tion conferred by this section on the dis-
trict courts."

Further, 28 U.S.C. Section 1471(e) provides
that:

"The bankruptcy court in which a case
under title 11 is commenced shall have
exclusive jurisdiction of all of the proper-
ty, wherever located, of the debtor, as of
the commencement of such case."

Congress intended that under the new Bankruptcy Reform Act the bankruptcy courts would exercise broad jurisdiction. H.R.Rep. No. 595, 95th Congress, 1st Session (1977), cited in Volume 1 of Collier on Bankruptcy, 15th Edition, Section 3.01, page 3–35, in explaining 28 U.S.C. Section 1471(b), notes that:

"The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. . . . In sum, the combination of the three bases for jurisdiction, 'arising under title 11,' 'arising under a case under title 11,' and 'related to a case under title 11', will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

Collier on Bankruptcy, in Volume 1, Section 3.01, at page 3–48, discusses further the broad jurisdiction of bankruptcy courts under 28 U.S.C. Section 1471(b):

"(4) Actions owned by the debtor at the time of the petition:. Does the debtor have a cause of action sounding in usury? Has he been injured as a result of the negligent conduct of another? Was he brought to his insolvent state as a result of the violation of the securities or antitrust laws? Whatever the action or theory, it can be heard by the bankruptcy court. No limitation whatever exists upon the power of the bankruptcy court to hear actions such as these. It should be kept in mind, however, that . . . there must be some nexus between the civil proceeding and the title 11 case."

That this Court has jurisdiction under 28 U.S.C. Section 1471 is unquestionable. For example, jurisdiction arises under Section 541(a) of the new Bankruptcy Code. Section 541(a) provides that the debtor's estate:

"is comprised of all the following property, wherever located: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of this case."

A comment in the legislative history following Section 541 of the 1979 Collier Pamphlet Edition or the Bankruptcy Code provides an insight into what Congress intended. The comment states that:

"The scope of this paragraph is broad. (Refers to Section 541(a)(1).) It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act section 70a(6)), and all forms of property currently specified in section 70a of the Bankruptcy Act, . . . . ."

Under Section 70a(6) of the old Bankruptcy Act the property of the estate included "rights of actions arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property." Thus, this Bankruptcy Court has jurisdiction to hear Debtor's right of action for the unlawful taking and injury to his property.

For the aforementioned reasons, the Bankruptcy Court denies Defendant's Motion to Dismiss.