In re COLEMAN AMERICAN COMPANIES, INC., and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Debtors.

The LITTLETON NATIONAL BANK, Plaintiff,

v.

COLEMAN AMERICAN COMPANIES, INC., and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Defendants.

Bankruptcy No. 80 C 1466.

United States Bankruptcy Court, D. Colorado.

Sept. 26, 1980.

---

13. Plaintiff's Exh. 2.

14. Note 4, *supra*, and accompanying portion of the text.

Byron C. Loudon, McDowell, Rice & Smith, Kansas City, Kan., for debtor/defendant.

John J. Gaudio, John J. Gaudio, P.C., Denver, Colo., for plaintiff.

### FINDINGS, CONCLUSIONS AND ORDER ON MOTION TO DISMISS

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is the defendants' Motion to Dismiss the plaintiff's Complaint for Relief from Stay for lack of jurisdiction. The debtor–defendants contend that only the bankruptcy court in which they filed a petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101, et seq.) has jurisdiction over this matter pursuant to 28 U.S.C. § 1471(c) and (e). The plaintiff contends that this Court may properly exercise jurisdiction over its complaint.

On March 5, 1980, Coleman American Companies, Inc., and a subsidiary, American Properties, Inc., each filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas. Each remains a debtor–in–possession. On July 11, 1980, the Littleton National Bank filed its Complaint for Relief from Automatic Stay in the United States Bankruptcy Court for the District of Colorado. In its complaint, the plaintiff alleges that it has a valid security interest in certain real property which secures a debt owed it by American Properties, Inc. The bank further alleges that the lack of adequate protection for its interest in the property, the defendants' lack of equity in it, and the defendants' lack of a reasonable prospect for reorganization entitle it to relief from the stay. On July 31, 1980, the defendants moved for dismissal of the complaint for lack of jurisdiction.

Title IV of the Bankruptcy Reform Act of 1978, P.L. 95–598, § 405(b) makes applicable during the transition period from October 1, 1979, to March 31, 1984, the jurisdiction, venue and appeals provisions now provided for by 28 U.S.C. §§ 1471, et seq.

Applicable here is 28 U.S.C. § 1471(b) and (c) which provides:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

> (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Part of the legislative history of those sections states:

> The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

> The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term "proceeding" instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to

conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

. . . . .

By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11.

. . . . .

Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11. In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes. H.R. Rep. No. 595, 95th Cong., 1st Sess., pp. 445–6; *see also*, S.Rep. No. 989, 95th Cong., 2d Sess., pp. 153–4, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6400.

Under the Bankruptcy Act, a complaint for relief from stay commenced an adversary proceeding governed by the rules in Part VII of the Rules of Bankruptcy Procedure (Rules of Bankruptcy Procedure, 701, 401 and 601). Thus, the bank's complaint for relief from stay is a "proceeding" within the meaning of 28 U.S.C. § 1471(b).

█ The debtors argue that 28 U.S.C. § 1471(c) gives the jurisdiction conferred on the district courts by 28 U.S.C. § 1471(a) and (b) only to the bankruptcy court for the district in which a case is commenced under title 11, here, the Bankruptcy Court for the District of Kansas. Their argument is not persuasive. To interpret Section 1471(c) as urged by the debtors would render some of the new venue provisions of title 28 virtually meaningless. The example given at 1

*Collier on Bankruptcy*, 15th ed., ¶ 3.01[1][e] is apt. Pursuant to Section 1473(b) (28 U.S.C. § 1473(b)), venue for a suit by a trustee on a consumer debt of less than $5,000 is only proper in the district in which the defendant resides. Suppose the defendant resides in a district different from that in which the underlying case is commenced. If the debtors' contention were correct, then the only court wherein proper venue would lie for that civil proceeding would lack jurisdiction over it.

Similarly, Section 1475 (11 U.S.C. § 1475) would be surplusage if the debtors' argument were valid. That section allows the change of venue of a proceeding arising under or related to a case to a bankruptcy court for another district. If a proceeding were filed in the bankruptcy court where the case was commenced, then, using the debtors' argument, the proceeding could not be transferred to a bankruptcy court in another district because that court would lack jurisdiction over it. Conversely, if the proceeding were filed in a bankruptcy court for a district other than that in which the case was commenced, then, again using the debtors' argument, that court could not transfer the proceeding to *any* court–not even to the court where the case was commenced–because it would lack jurisdiction over it. Hence, although Section 1475 allows for the change of venue, a literal reading of Section 1471(c) would preclude a proceeding from ever being transferred. *See* 11 St. Mary's L.J. 279 (1979), relating to Section 1471(e).

Finally, Section 1477(a) would have an extremely limited function under the debtors' scheme of things. It allows a bankruptcy court to retain a proceeding which lays venue in the wrong district. If only the bankruptcy court in which a case was commenced had jurisdiction over a proceeding arising under or related to the case, then Section 1477(a) could only be applicable if a proceeding of the type described in Section 1473(b) or (d) were improperly filed in the court where the title 11 case was commenced. That is, Section 1477(a) would only be applicable where, using Section

1473(b) as an example, a proceeding to recover a consumer debt of less than $5,000 was brought in the district in which the case was commenced but where the defendant resided in a different district. There, the bankruptcy court would have jurisdiction but venue would be improper and Section 1477(a) would permit it to retain the proceeding. In other situations, a court's ability to retain venue permitted by Section 1477(a) would be irrelevant because any court where the venue of a proceeding was improper would also lack jurisdiction over it.

■ The extreme debilitating effect that a literal reading of Section 1471(c) would have on these venue provisions is untenable. This is not to say that there are not situations where venue statutes are inapplicable due to the lack of jurisdiction of a court. However, these new venue provisions relating to bankruptcy proceedings would almost never have any applicability if the debtors' contention were valid. A statute should not be interpreted so as to render one part inoperative. *Colautti v. Franklin,* 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979). The Second Circuit has stated that "[T]here is a presumption against construing a statute as containing superfluous or meaningless words or giving it a construction that would render it ineffective." *United States v. Blasius,* 397 F.2d 203, 207, note 9 (2d Cir. 1968) *cert. dismissed* 393 U.S. 1008, 89 S.Ct. 615, 21 L.Ed.2d 557. It was not the intent of Congress to grant jurisdiction over all bankruptcy matters to only the bankruptcy court for the district in which a case under title 11 is commenced. 1 *Collier on Bankruptcy,* 15th ed., ¶ 3.01[1][e]. Section 1471(c) does not preclude this Court from exercising jurisdiction over the plaintiff's complaint for relief from stay.

The debtors also argue that Section 1471(e) precludes this Court from exercising jurisdiction over the complaint. That section provides:

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

This section simply makes clear that the bankruptcy court has jurisdiction over all of the property of the debtor and emphasizes the end of distinctions between summary and plenary jurisdiction. 1 *Collier on Bankruptcy,* 15th ed., ¶ 3.01[1][g]. The language in subsection (e) on which the debtors rely to contend that only the Bankruptcy Court for the District of Kansas has jurisdiction over this civil proceeding is substantially the same as that in subsection (c). For the reasons just stated relating to Section 1471(c), Section 1471(e) does not mean that only the Bankruptcy Court for the District of Kansas has jurisdiction over the plaintiff's complaint.

Finally this Court's jurisdiction over the complaint is based upon Section 1471(b) and (c) and not upon Section 1471(e). It is not logical to conclude that subsections (b) and (c) grant jurisdiction to this Court over the subject proceeding and that subsection (e) then withdraws that jurisdiction.

The Court has considered the case of *Fidelity Mortg. Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976) *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, but considers it inapposite. That case was decided under the Bankruptcy Act rather than the Bankruptcy Code and prior to the various amendments to title 28. It involved the enforcement of materialmen's liens in a state court against a real estate trust which was a petitioner under Chapter XI of the Bankruptcy Act. Here, the bank is asking another bankruptcy court rather than a state court to grant the relief it seeks. The Code and the amendments to title 28 envision a national bankruptcy court system. Jurisdiction in one bankruptcy court is jurisdiction in all. This proceeding was initiated only when the bank filed its complaint for relief from stay and not when the debtors' filed their petitions. Although the debtors' filing of their petitions resulted in an automatic stay which is similar to an injunction (11 U.S.C. § 362), it did not constitute a complaint for injunctive relief which may only be heard in the Kansas court. There is nothing in the Bankruptcy

Code or in the amendments to title 28 to indicate that this type of civil proceeding is different from any other for jurisdictional purposes. This Court has jurisdiction over plaintiff's complaint for relief from stay pursuant to 28 U.S.C. § 1471(b) and (c) because the complaint is a civil proceeding arising under title 11 or arising in or related to cases under title 11.

The debtors do not contend that venue is improper in this Court. Consequently, that issue is not before the Court.

ORDERED that the Motion to Dismiss of Coleman American Companies, Inc., and American Properties, Inc., is denied.