In re COLEMAN AMERICAN COMPANIES, INC., and American Properties, Inc., A Subsidiary of Coleman American Companies, Inc., Debtor.

COLEMAN AMERICAN COMPANIES, INC., and American Properties, Inc., A Subsidiary of Coleman American Companies, Inc., Plaintiff,

v.

The LITTLETON NATIONAL BANK, Defendant.

Bankruptcy Nos. 80–40155, 80–40156.
Adv. No. 80–0241.

United States Bankruptcy Court,
D. Kansas.

Jan. 15, 1981.

R. Pete Smith, of McDowell, Rice & Smith, Kansas City, Kan., for debtors.

Robert L. Baer of Cosgrove, Webb & Oman, Topeka, Kan., for the Littleton Nat. Bank.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

On December 17, 1980 the debtors filed an application for an order to show cause seeking to have a creditor, Littleton National Bank (LNB) punished for contempt for violation of the automatic stay imposed pursuant to the filing of the debtors' Chapter 11 petitions in this District on March 5, 1980. An Order to Show Cause was issued and a hearing thereon was held on January 8, 1981.

The debtors claim that LNB is in violation of 11 U.S.C. § 362 in that it filed an action against the debtors in United States Bankruptcy Court for the District of Colorado seeking relief from the automatic stay in order to foreclose on the debtors' realty in Colorado and Kansas. LNB claims it is not in violation of the § 362 stay and thus not in contempt. Alternatively, it claims that any violation on its part was merely technical and is not deserving of punishment.

## FINDINGS OF FACT

The debtors and four other related companies filed Chapter 11 petitions on March 5, 1980 in the United States Bankruptcy Court for the District of Kansas.

LNB, a creditor listed on the debtors' schedules, was notified of the Chapter 11 filing and of the stay imposed by 11 U.S.C. § 362 on March 27, 1980. LNB immediately notified its counsel of the filing. Pursuant to its agreement with counsel, the manner in which counsel was to act on behalf of LNB was entirely up to counsel's discretion. No advance notice of counsel's activities, including filing of claims or civil proceedings, was required by LNB.

Secured claims were filed on behalf of LNB in the Chapter 11 proceedings on April 15, 1980. These claims establish LNB's secured position in three pieces of real property owned by the debtor American Properties, Inc. Two of the pieces of real property on which LNB holds junior liens are in Kansas. One piece of real property on which LNB holds a senior lien is in Colorado. On July 11, 1980 LNB filed a complaint for relief from the § 362 stay with the Colorado Bankruptcy Court in order to foreclose on all three pieces of real property. That case was given proceeding No. 80-C1466. No relief or permission was sought from the United States Bankruptcy Court for the District of Kansas by LNB prior to bringing its Colorado action.

The debtors appeared in Colorado and contested that court's jurisdiction of the subject matter. The Colorado court found it had jurisdiction on September 26, 1980.

The debtors filed a motion to reconsider and alter that decision, which motion was denied by the Colorado court on October 15, 1980. The debtors filed a motion for a change of venue, which motion was denied orally by the Colorado court prior to October 30, 1980 and reduced to writing and filed November 12, 1980. Prior to a hearing on the merits the debtors filed an application for leave to file an interlocutory appeal from the September 26, 1980 Findings, Conclusions and Order on the Motion to Dismiss of the Colorado court. The debtors' application to taken an interlocutory appeal on the issue of jurisdiction was denied by the Colorado court on November 12, 1980 as not being timely filed. On October 30, 1980 a hearing on the merits of LNB's complaint was held in Colorado at which hearing the debtors appeared. No decision on the merits has been rendered by that Court and another hearing, of an unspecified nature, has been scheduled for February 6, 1981.

The debtors have incurred the following expenses as a result of the Colorado proceeding:

Stephen E. Snyder, hired as a result of the need for Colorado counsel pursuant to local requirement     $ 804.19

Air fare, food and lodging for Douglas Coleman, vice president of the debtors, Claude Rice and Eileen Hiney, counsel for the debtors, necessitated by the hearing in Denver on LNB's complaint     $ 969.00

Attorney fees for debtors' primary counsel in the proceeding     $3,166.50

Of the latter figure, $1,737.50 is attributed to research and briefing the issues of jurisdiction and venue and $1,429.00 is attributed to preparation and appearance on the merits of the case.

## ISSUES

Did the Littleton National Bank violate the § 362 stay and thereby subject itself to punishment for contempt?

Does the Bankruptcy Court in Colorado have jurisdiction to hear and grant relief on LNB's complaint for relief from the stay?

Is the Colorado court's assumption of jurisdiction *res judicata* or does it collaterally estop the presentation or affect the nature of any possible punishment for contempt?

## CONCLUSIONS OF LAW

*Violation of the § 362 Stay.*

The jurisdiction of the bankruptcy court prior to enactment of what is commonly referred to as the Code or the Bankruptcy Reform Act of 1978, was such that a creditor could be found in and punished for contempt when that creditor, with knowledge of a pending bankruptcy, filed suit against the bankrupt without obtaining relief from the stay imposed by Bankruptcy Rules 401, 601 and 11–44. *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2nd Cir. 1976), cert. denied 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540. The Court, in *Fidelity Mortgage Investors,* relying on Section 311 of the Bankruptcy Act (11 U.S.C. § 711), which stated *when not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located,* and Bankruptcy Rule 11–44, imposing a stay of actions and lien enforcement upon filing of a Chapter XI petition, stated that the statute and rule involved granted exclusive jurisdiction of the debtor and all its property to the court in which the Chapter XI petition was filed to the exclusion of all other courts. See also *Guardian Mortgage Investors v. Unofficial Noteholders,* 607 F.2d 1020 (2nd Cir. 1979). Unquestionably, under the Bankruptcy Act subsequent to passage of the Bankruptcy Rules, the instant circumstances would merit a finding of and punishment for contempt.

The Code, effective October 1, 1979, does nothing to diminish the jurisdiction of the bankruptcy court. Section 1471 of title 28 U.S.C. provides the general jurisdictional grant to the bankruptcy courts and reads as follows:

(a) *Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.*

(b) *Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.*

(c) *The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.*

(d) *Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.*

(e) *The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.*

As is seen, 28 U.S.C. § 1471, though broader than § 311 of the Act, at subsection (e) and the combined subsections (a)–(c) generally tracks the language of § 311. Section 362 of title 11 U.S.C., though broader than Bankruptcy Rules 401, 601 and 11–44, encompasses all of the prohibitions of those rules and pursuant to subsections (a)(3) and (4) and possibly (a)(1) and (5) prohibits the act taken against these Chapter 11 debtors by LNB in Colorado.

The jurisdictional grant to the bankruptcy court clearly gives the court in which a title 11 proceeding is filed original and exclusive jurisdiction of the title 11 case, original jurisdiction of all civil proceedings arising under, in or related to a case under title 11 and exclusive jurisdiction of the debtors' property wherever located. LNB was aware of the Chapter 11 filing in the District of Kansas by these debtors and the effect of the § 362 stay.

*Jurisdictional questions—the effect of assumption of jurisdiction by the Colorado court.*

Section 1471 of title 28 vests the Bankruptcy Court for the District of Kansas with original jurisdiction over the Chapter 11 debtors, all civil proceedings pertaining to those debtors arising in or related to their Chapter 11 proceeding and vests this Court with exclusive jurisdiction over the debtors' property wherever located. The assumption of jurisdiction by this Court preempts jurisdiction of all other courts, save for direct appeals to courts of appellate jurisdiction. Where a court of competent jurisdiction acquires possession of a *res* by appropriate proceedings, such property is withdrawn from jurisdiction of all other courts. *Duggan v. Sansberry,* 327 U.S. 499, 66 S.Ct. 657, 90 L.Ed. 809 (1946); *Carney v. Sanders,* 381 F.2d 300 (1967) citing *Eyster v. Gaff,* 91 U.S. 521, 524, 23 L.Ed. 403 (1875). See also *Securities Investors v. Barbour,* 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975) and *First National Bank in Houston, Texas v. Lake,* 199 F.2d 524 (4th Cir. 1952), cert. denied 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705 (1953).

The automatic stay of § 362 was imposed as a result of the Chapter 11 filings in the District of Kansas. The § 362 stay is not unlike an injunction. See H.R.95-595, 95th Cong., 1st Sess., pg. 334. An action to lift the stay has no life of its own independent of the primary proceeding from which it flows and but for that primary proceeding could not be filed anywhere. In *Peterson v. Sears,* 238 F.Supp. 12 (D.C.N.D.Ia., 1964) it is said that the rule governing injunction does not purport to confer jurisdiction on federal courts but restricts the power of courts to act in cases in which they have already acquired jurisdiction. In a habeas case, *Sires v. State of Washington,* 314 F.2d 883 (9th Cir. 1963), it was pointed out that an action was improperly bifurcated by an attempt to cause issuance of an injunction separate from the case of the habeas proceeding as a court may not entertain an application for injunction unless it has before it the underlying cause giving it jurisdiction. In re *Westec Corp.,* 460 F.2d 1139

(5th Cir. 1972) and *In re Delta Food Processing Corp.,* 446 F.2d 437 (5th Cir. 1971) state that creditors must seek relief from the stay from the reorganization court and that actions taken by creditors without obtaining such relief from the reorganization court are a nullity.

Though the Colorado court has determined it has jurisdiction of LNB's complaint and has conducted a hearing on the merits but has yet to render a decision thereon, this Court does not believe it is prevented by the Colorado court's determinations from considering the instant contempt proceeding or from imposing a penalty upon LNB for contempt. This Court may enforce its orders and prevent frustration thereof. See *Lester v. Parker,* 235 F.2d 787 (9th Cir. 1956).

As seen from the foregoing discussion, it is this Court which § 1471 grants jurisdiction of the instant Chapter 11 cases filed in this District, the proceedings arising from or related to them and it is this Court which has exclusive jurisdiction of the property which LNB wishes to foreclose upon. Additionally, even if a court which had jurisdiction of the parties determined it had jurisdiction over the subject matter, that determination can be collaterally attacked if the policy against permitting a court to act beyond its jurisdiction outweighs the policy of *res judicata.* In considering whether collateral attack should be allowed the following factors may be considered: (a) lack of subject matter jurisdiction was clear; (b) determination of jurisdiction depended upon a question of law rather than fact; (c) the court was one of limited rather than general jurisdiction; (d) the question of jurisdiction was not actually litigated and (e) the policy against the court acting beyond its jurisdiction is strong. *Restatement of the Law of Judgments, American Law Institute* (1942). It appears that of the stated factors, (a), (b) and (e) would militate in favor of allowance of collateral attack. Factor (c) is arguably present as bankruptcy courts, though having broad jurisdiction, are confined to its exercise

within the confines of the initiatory bankruptcy proceedings. Factor (d) would militate against allowance as the issue of jurisdiction was litigated in Colorado.

In this instance, factor (a), the lack of subject matter jurisdiction, is clearly present. Section 1471 is quite clear, it unmistakably grants the court wherein a Chapter 11 petition is filed, among other things, exclusive jurisdiction of the debtors' property. Exclusive jurisdiction means exclusive jurisdiction. *Fritz v. U. S.*, 535 F.2d 1192 (9th Cir. 1976). Though the Colorado court in its decision reported as *In re Coleman American Companies*, Bkrtcy., 6 B.R. 251 (1980) determined as a matter of statutory construction that § 1471(e) does not mean what is clearly stated therein, the rules of statutory construction support the proposition that the place to begin statutory construction is the statute itself, if the statute is clear, one need go no further to discover its meaning. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Aaron v. SEC*, 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980); *Diamond v. Chakrabarty*, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 114 (1980).

Factor (b) is present as the Colorado court's determination of jurisdiction rested on a question of law rather than of fact.

█ The policy against the Colorado court acting beyond its jurisdiction is strong, thus factor (e) is present. Upon filing of the Chapter 11 petitions the Bankruptcy Court for the District of Kansas obtained exclusive jurisdiction of the debtors' property as provided by § 1471(e) and LNB was stayed from proceeding against the debtors' property or the debtor. See *Duggan v. Sansberry, supra.* The stay imposed by the Kansas filing is similar to an injunction and courts of equal rank may not vacate one another's stay or injunction. See *In re Westec Corp., supra; In re Delta Food Processing Corp., supra.* One of the purposes of bankruptcy is to afford debtors the ability to bring order to their affairs. As stated in *Fidelity Mortgage Investors, supra*, at 55, 57 *the need to centralize bankruptcy-related proceedings and prevent a chaotic scramble for the debtor's assets is an interest of paramount importance in the bankruptcy laws. The automatic stay of Rule 11–44 is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all the creditors' interests with one another.* This statement is repeated in varying forms in numerous cases. *cf Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160 (2nd Cir. 1979). Though these cases were decided prior to the Bankruptcy Reform Act of 1978, they are no less applicable now. The clear intent of the Code is the same. If it were otherwise, a debtor, be he in Chapter 7, 11 or 13, rather than have his litigation centralized would be amenable to suit throughout the United States, its territories and possessions. Precious energy and resources would be expended by those debtors who could afford travel and other expenses related to litigating in multiple jurisdictions. For those who could not afford the travel and expense, default would await.

█ The Court concludes that LNB violated the § 362 stay and has subjected itself to punishment for contempt. The Court further concludes that the Colorado court does not have jurisdiction of the subject matter of LNB's Colorado complaint, thus, LNB is not entitled to completely cloak itself with the Colorado court's erroneous determination and avoid all punishment. The Colorado decision is, for the reasons recited, not binding upon this Court.

The debtors, as a result of LNB's violation of the § 362 stay, have incurred expenses and fees in the amount of $4,939.69 in fruitless and needless litigation in Colorado. The debtors are entitled to an award of these fees and expenses against LNB. *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126 (2nd Cir. 1979); *Fidelity Mortgage Investors, supra.*

Additionally, in order to ensure the effectiveness of the Orders of this Court and prevent the frustration thereof, LNB is to immediately dismiss its Colorado action at its cost.