In re RAPCO FOAM, INC., Debtor.

Ella PERSON, Plaintiff,

v.

RAPCO FOAM, INC., et al., Defendants.

Bankruptcy No. 81–01808–2.
Adv. No. 81–1818–2.

United States Bankruptcy Court,
W. D. Missouri.

Jan. 21, 1982.

Edward Heller, Kansas City, Mo., for plaintiff.

E. Wayne Taff, Jackson & Sherman, Kansas City, Mo., William H. Vaughan, Jr., Grimball, Cabaniss, Vaughan & Robinson, Charleston, S. C., for Rapco Foam, Inc., debtor.

Joseph B. Bott, Kansas City, Mo., for defendant Newside, Ltd.

William R. Fish, Kansas City, Mo., for defendant The Homecomforters, Inc.

Peter M. Schloss, Coulson & Chick, Robert G. Duncan, Kansas City, Mo., for defendant Marvin R. Davis.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Ella Person lives in Jackson County, Missouri, within the Western District of Missouri. According to the allegations of her petition, she had installed in her home insulation manufactured by Rapco. Shortly after the installation she became ill and contends that the illness was the result of the defective and dangerous character of the insulation.

Suit was filed originally in the Circuit Court of Jackson County against the seller, installers and manufacturer of the insulation. Service was obtained on most of the defendants, including Rapco; answers were filed and some discovery undertaken. On July 28, 1981, Rapco filed for reorganization in the United States Bankruptcy Court for the District of South Carolina. On August 25, 1981, debtor petitioned this Court for removal of the civil action brought by Ms. Person. No party opposed the removal. By Order of September 3, 1981, this Court accepted jurisdiction and directed debtor to obtain a lift of the stay to allow this action to proceed to judgment.

Debtor did not apply for a lift of the stay. On October 16, 1981, plaintiff moved for a lift of the stay in this Court to permit the action to go forward. Debtor opposed a lift of the stay, suggesting that allowing this plaintiff to proceed to a judgment might prejudice other plaintiffs, some 86, holding similar claims in that the insurance coverage might be insufficient to pay all claims and the debtor had little ability to create a fund to pay any recoveries in excess of the policy limits. Alternatively, the debtor suggested that any judgment be restricted to a pro rata share of the insurance fund available. At a pre-trial conference, it was disclosed that the exact terms of the insurance coverage have not been discovered yet.

Shortly after plaintiff filed its complaint, debtor moved that this action be transferred to the Bankruptcy Court for the District of South Carolina. In support of the Motion, debtor pointed out that some 86 cases of the nature of the Person action were pending and that the defense of these suits and the possibility of judgments imposed, and would impose, severe burdens on debtor's assets and created obstacles to reorganization. It also suggested that consolidation of all these cases would allow equitable distribution of assets to plaintiffs if they prevailed. Plaintiff and the other defendants in the case, all of whom are located in this District, oppose the transfer, contending it would impose hardship upon them to hire counsel in South Carolina.

## I.

In light of the citizenship of the various parties, and in view of the pleadings which allege common law causes of action, this suit could not have been brought originally in the United States District Court. Sections 1331 and 1332, Title 28, U.S.C. Once the defendant files bankruptcy, however, there is jurisdiction in the District Court and therefore in this Court. Section 1471(b); Section 1471(c); Section 1478(a), all of Title 28, U.S.C. These sections grant jurisdiction to this Court as to "all civil proceedings ... arising in or related to cases under title 11," and permit removal of such proceedings. This action, where debtor is a defendant and which involves a claim against assets of debtor's estate, is related to a case under title 11. *In re United Merchants & Mfrs., Inc.*, 3 B.R. 286 (Bkrtcy. S.D.N.Y.1980); *In re Thompson*, 3 B.R. 312 (Bkrtcy.S.D.1980); *Griffith v. Realty Executives, Inc.*, 6 B.R. 753 (Bkrtcy.N.Mex.1980).

This action being removed, venue is proper in this District. Section 1391 of Title 28 provides, in part, that:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose ..."

"(c) A corporation may be sued in any judicial district in which it is ... doing business, and such judicial district shall

be regarded as the residence of such corporation for venue purposes."

The claim arose in this judicial district. By the nature of its conduct, debtor corporation is amenable to service of process in Missouri and subject to its jurisdiction and, therefore, to the jurisdiction of this Court. Section 506.500, R.S.Mo.1978.

■ Venue being proper, a case may be transferred in the interests of justice and for the convenience of the parties. Section 1475, Title 28, U.S.C.; Rule 116, Rules of Bankruptcy Procedure. Debtor contends that transfer will permit the orderly disposition of these cases in one forum, conserve resources being expended for legal defense and permit equitable treatment of all defendants. Balanced against these arguments is the consideration that all of the parties, except debtor, are in this judicial district and the incident occurred here. There would, therefore, be great inconvenience to the majority of the parties if the transfer is made.

But debtor's argument goes more to the question of interests of justice. Preservation of debtor's assets and equitable treatment of claimants similarly situated are significant considerations. But debtor appears to have insurance coverage for this type of claim. Debtor's corporate and bankruptcy counsel have not yet appeared; its defense here is being conducted by counsel for an insurance carrier. There is no showing, in this particular case, that defense counsel are being paid by debtor. In addition, because of plaintiff's financial situation, transfer to South Carolina may make prosecution of her claim a practical impossibility.

In its Answer debtor made a general denial and alleged that plaintiff's injuries were a result of her own negligence. It is likely that all of these suits have a common issue, which is whether the insulation was defective and inherently dangerous. Unless the claims arose over a great span of time, the evidence on that issue will be developed easily and can be utilized from case to case with little extraordinary expense. Debtor can arrange for local medical examinations to rebut the issue of damages. Plaintiff, on the other hand, may require many local witnesses to establish her claim. The other defendants will also require local witnesses to present a defense.

On balance, in the interest of justice and for the convenience of the parties, this action should be retained in this Court. *In re Dew Mortgage Company, Inc.*, 10 B.R. 242 (Bkrtcy.M.D.Fla.1981); *In the Matter of Trim-Lean Meat Products, Inc.*, 11 B.R. 1010 (D.C.Del.1981). Cf. *In re Turner*, 15 B.R. 265 (Bkrtcy.W.D.Mo.1981). The Application for Change of Venue is DENIED.

## II.

■ Retention of venue does not however resolve the question of whether this Court may lift a stay automatically imposed by the Code where the bankruptcy proceeding itself is in another Court. The question is a matter of controversy among Bankruptcy Courts. Compare *In re Coleman American Companies, Inc.*, 6 B.R. 251 (Bkrtcy.Colo.1980) with *In re Coleman American Companies, Inc.*, 8 B.R. 384 (Bkrtcy.Kan.1981). The Colorado Court held that it had jurisdiction of a complaint to lift the stay relating to property of a debtor who had filed in Kansas. The Kansas court held the Colorado creditor in contempt for not bringing the complaint in Kansas.

Section 1471 of Title 28, U.S.C. confers jurisdiction upon the bankruptcy court.

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdic-

tion conferred by this section on the district courts.

"(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

"(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

The statute gives the bankruptcy court in the district where the case is filed exclusive jurisdiction of the case and "of all of the property, wherever located, of the debtor," but "not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." A bankruptcy case, once filed, cannot therefore be filed elsewhere while the first case is still pending, *Duggan v. Sansberry*, 327 U.S. 499, 66 S.Ct. 657, 90 L.Ed. 809 (1946), but adversary and related "civil proceedings" may be filed anywhere jurisdiction may otherwise be found. *Duggan*, supra, is distinguishable on this latter point because it involved a parent and a subsidiary filing bankruptcy in two districts rather than a case in one district and a proceeding in another.

The grant of original but not exclusive jurisdiction of all civil proceedings, as described in Section 1471(b), was intended to eliminate the problems created by distinction between summary and plenary jurisdiction.

"This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts . . .

.    .    .    .    .

". . . proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law." House Report No. 95–595, reprinted in App. 2 Collier on Bankruptcy 445 (15th Ed.).

A complaint to lift the stay is an adversary proceeding in bankruptcy, Rule 701, Rules of Bankruptcy Procedure, and can be said to "arise in" a case under Title 11. Indeed, except for the existence of a case under Title 11, there is no stay. Since the civil proceeding involving the bankrupt could be and was removed to this Court, and properly so, this Court has jurisdiction to deal with the stay. "Conceptually, there is no limit to the reach of this jurisdiction, insofar as the matter involved "arises in or [is] related to" the title 11 case." 1 Collier on Bankruptcy ¶ 3.01[e] at 3–49 (15th Ed.). The Colorado court in *Coleman*, supra, 6 B.R. 251, properly asserted its jurisdiction over the complaint to lift the stay. But see *In re Whitehorn*, 9 B.R. 404, 405 (Bkrtcy.N. D.Ga.1981) to the contrary.

The clear language of the venue provisions of Section 1473, Title 28, U.S.C., permits "a proceeding arising in or related to a case under title 11" to be commenced anywhere jurisdiction is found. The provisions of Section 1473(a) are permissive. The other provisions of Section 1473 bind the trustee or apply only to the claims arising after commencement of the case. The provisions for change of venue, Section 1475, Title 28, U.S.C., reinforce the principle that the location of the forum is a question addressed to the sound discretion of the court, to be ruled liberally in favor of the interests of justice and the convenience of the parties.

It is apparent, therefore, that an adversary proceeding to lift the stay be brought in any court where jurisdiction otherwise exists. That determination is made by reference to the general jurisdictional provisions of Title 28, Sections 1331ff, in light of the provisions of Sections 1471ff. All of the relevant provisions are couched in permissive terms, permitting the implication that if there is sufficient nexus to the court,

jurisdiction will lie. In concluding that a creditor is in contempt for bringing such a proceeding in a court other than that where the case is filed, the Kansas Court in *Coleman*, 8 B.R. 384, ignores the fact that it does not have exclusive jurisdiction over all proceedings. 8 B.R. at 387–388. Such a conclusion may also be premature. The Colorado court has not yet dealt with the issue posed by Section 1471(e) giving the court where the case is filed "exclusive jurisdiction of all of the property, wherever located, of the debtor." There are instances where lifting the stay would not have immediate impact on debtor's property but the foreclosure proposed in the Colorado case does not seem to be one of those. For an interesting analysis of the problems of too much jurisdiction, see "Selective Exercise of Jurisdiction in Bankruptcy Related Civil Proceedings," 59 Texas L.R. 325 (1981).

There is much language in the decisions that a debtor should be spared the burden of defending claims in various courts other than where the case itself is filed. Compare *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55–57 (2nd Cir. 1976) with *In re Dew Mortg. Co., Inc.*, supra. But this consideration is not paramount as the statute clearly permits filings in various courts. It is apparent here, as in other areas of the Code, that the statutory pattern would have to be fleshed out on a case by case basis.

Principles of comity are relevant. "Comity, in the legal sense, is neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will upon the other." *Hilton v. Guyot*, 159 U.S. 113, 163–64, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895). In recent criminal proceedings, the Supreme Court has pointed out, on the issue of state-federal court relations, "that one Court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

While distinctions can be drawn between these cases and the matter before this Court, the essential principle is the same. A court is obliged to provide remedies to parties within its jurisdiction but must give due deference to the sensibilities of another court having power concerning the subject matter in either a broad sense, where the case is before it, or a narrow sense, where a related proceeding is pending. Considerations of comity were obviously in the minds of the drafters of the Code and are embodied in the language giving bankruptcy courts the right to abstain. Section 1471(d), Title 28, U.S.C.

Here, there is no attempt by a plaintiff seeking to lift the stay to deprive the debtor of assets. When this action is reduced to judgment, it may be a claim against funds of the debtor or it may be paid wholly by insurance. If the former, the bankruptcy court having the case will determine the amount of distribution. If the latter, it may be no drain upon debtor's assets although inequitable to other, similarly situated plaintiffs. But this inequity is not a feature of bankruptcy and cannot be used as an excuse, because of the accident of bankruptcy, to deny relief.

A proper evaluation of the burden upon debtor and the possibility of inequity cannot be made until discovery is completed. Abstention is not appropriate at this stage. Quite simply, this proceeding has to be reduced to judgment sometime. The Complaint to Lift the Stay is SUSTAINED, therefore, and the stay is lifted to permit the parties to complete discovery. The parties are requested to advise the Court as to an agreed schedule for discovery so that an appropriate pre-trial order may be issued.