### In the Matter of RAPCO FOAM, INC., Debtor.

**Sheila BOSBEN, Rachel Bosben, Jennifer Bosben, Alicia Bosben, Helena Bosben and Eugenia Bosben, minors, by their Guardian ad Litem, Alan E. Gesler, Plaintiffs,**

v.

**J. H. OLSEN CONSTRUCTION, INC., and Hawkeye Security Insurance Company, Defendants and Third-Party Plaintiffs,**

v.

**DOMES/GEODYSSEY CORPORATION, Dome Home Systems, Inc., and Rapco Foam, Inc., Third-Party Defendants.**

### Adv. No. 81–0176.

United States Bankruptcy Court, W. D. Wisconsin.

Oct. 14, 1982.

Alyson K. Sloan, Warshafsky, Rotter, Tarnoff, Gesler & Reinhardt, S.C., Milwaukee, Wis., for plaintiffs.

John G. Gehringer, Frisch, Dudek & Slattery, Ltd., Milwaukee, Wis., for defendant J. H. Olsen Construction Co., Inc.

Rodney Seefeld, Screnock & Seefeld, Ltd., Baraboo, Wis., for defendant and third party defendant Dome Home Systems, Inc.

### DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

This adversary proceeding involves claims based on negligence and strict liability in the sale and construction of plaintiffs' parents' dome home in 1977. Plaintiffs contend urea-formaldehyde gas fumes were released from insulation and/or wall paneling used in the construction of their home.

Plaintiffs filed this action in Dane County Circuit Court against J. H. Olsen Construction, Inc., the company which constructed their home; Domes/Geodyssey, Inc. and Dome Home Systems, Inc., the manufacturers of the dome home kit used by Olsen in constructing the home; and Rapco Foam, Inc., the manufacturer of the insulation and paneling used in the home. In July, 1981 Rapco Foam, Inc. filed a chapter 11 reorganization petition in the U. S. Bankruptcy Court for the District of South Carolina. An automatic stay of all proceedings went into effect on that date, and this civil action was removed to this court from Dane County Circuit Court. Plaintiffs have applied to the court for relief from the automatic stay imposed by 11 U.S.C. § 362. Defendant Dome Home Systems, Inc. has moved to dismiss on the basis that Rapco is a necessary party without which the action cannot proceed. Dome Home Systems, Inc. has also moved for summary judgment.

When defendant Rapco Foam, Inc. filed a chapter 11 reorganization petition in the

United States Bankruptcy Court for the District of South Carolina, this action was immediately stayed by 11 U.S.C. § 362, which provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The statute also provides for relief from the stay for cause:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

Whether a bankruptcy court has jurisdiction to lift the 11 U.S.C. § 362 stay if the case is not filed in that court has been a matter of controversy among bankruptcy courts. In *In Re Coleman American Companies, Inc.,* 8 B.R. 384 (Bkrtcy.D.Kan.1981), the court held that a Colorado bankruptcy court did not have jurisdiction to remove the automatic stay because the debtor had filed under chapter 11 in Kansas. The court based its holding on 28 U.S.C. § 1471(e), which provides that "[t]he bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case." The Kansas bankruptcy court stated "[s]ection 1471 is quite clear, it unmistakably grants the court wherein a Chapter 11 petition is filed, among other things, exclusive jurisdiction of the debtors' property. Exclusive jurisdiction means exclusive jurisdiction." 8 B.R. at 389.

Other courts, however, have held that a bankruptcy court having jurisdiction over an adversary proceeding related to a case filed under chapter 11 has jurisdiction to remove the 11 U.S.C. § 362 automatic stay. *See In Re Rapco Foam, Inc.,* 16 B.R. 765 (Bkrtcy.W.D.Mo.1982) and *In Re Coleman American Companies, Inc.,* 6 B.R. 251 (Bkrtcy.D.Colo.1980). This view is based on 28 U.S.C. § 1471(a), (b) and (c), which provide:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

In *In Re Rapco Foam, Inc.,* 16 B.R. 765 (Bkrtcy.W.D.Mo.1982), a case involving negligence and products liability claims against defendant Rapco similar to plaintiffs' claims, the Missouri bankruptcy court held it had jurisdiction to lift the stay imposed when Rapco filed under chapter 11 in the United States Bankruptcy Court for the District of South Carolina. The court based its holding on the provision of 28 U.S.C. § 1471(b) which gives bankruptcy courts jurisdiction over civil proceedings "arising in or related to cases under title 11":

A complaint to lift the stay is an adversary proceeding in bankruptcy, Rule 701, Rules of Bankruptcy Procedure, and can be said to 'arise in' a case under Title 11. Indeed, except for the existence of a case under Title 11, there is no stay. Since the civil proceeding involving the bankrupt could be and was removed to this Court ... this Court has jurisdiction to deal with the stay. "Conceptually, there

is no limit to the reach of this jurisdiction, insofar as the matter involved 'arises in or [is] related to' the title 11 case." 1 Collier on Bankruptcy ¶ 3.01[e] at 3–49 (15th Ed.).

*In Re Rapco Foam, Inc.,* 16 B.R. 765, 768 (Bkrtcy.W.D.Mo.1982).

The reasoning of the Missouri bankruptcy court in *In Re Rapco Foam, Inc.,* is compelling in the instant case. This court has jurisdiction over this adversary proceeding because it is related to a case under title 11. There is nothing in the statute indicating that Congress intended to exclude applications for relief from the 11 U.S.C. § 362 stay from the broad jurisdictional reach of 28 U.S.C. § 1471(b). The Kansas court in *Coleman* "ignores the fact that it does not have exclusive jurisdiction over all proceedings." *In Re Rapco Foam, Inc.,* 16 B.R. 765, 769 (Bkrtcy.W.D.Mo.1982). Moreover, the Kansas court based its holding on the provision of 28 U.S.C. § 1471(e) which gives the bankruptcy court where the case is filed exclusive jurisdiction over the debtor's property. In this case, relief from the stay will not necessarily or immediately have an impact on Rapco's property. Rather, relief from the stay will permit discovery and a judgment on plaintiffs' negligence and products liability claims. The debtor's property is therefore not immediately threatened by relief from the stay, so there is no basis for the conclusion that only the court where the Title 11 case is filed has the power to lift the stay.

■ This court may, therefore, lift the stay for cause. 11 U.S.C. § 362(d)(1). 11 U.S.C. § 362(g) provides:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Rapco Foam, Inc.'s equity in property is not at issue; therefore, the defendants have the burden of proving there is not cause to lift the stay.

Defendants have failed to meet this burden. They have offered no evidence showing how or why Rapco would be prejudiced if the stay is lifted. As noted by the court in *In Re Rapco Foam, Inc.,* 16 B.R. 765, 769 (Bkrtcy.W.D.Mo.1982), lifting the stay will not necessarily affect Rapco's financial position:

Here, there is no attempt by a plaintiff seeking to lift the stay to deprive the debtor of assets. When this action is reduced to judgment, it may be a claim against funds of the debtor or it may be paid wholly by insurance. If the former, the bankruptcy court having the case will determine the amount of distribution. If the latter, it may be no drain upon debtor's assets although inequitable to other, similarly situated plaintiffs. But this inequity is not a feature of bankruptcy and cannot be used as an excuse, because of the accident of bankruptcy, to deny relief.

Removing the stay in this case will allow plaintiffs to pursue their claim against all the defendants; in the event there is a judgment against Rapco, the court can then determine the effect on Rapco's assets. The parties opposing relief from the stay have failed to meet their burden of showing any inequities in this result; therefore, this court has cause to order relief from the stay imposed by 11 U.S.C. § 362. Accordingly, the motion by Dome Home Systems, Inc. to dismiss for absence of a necessary party or in the alternative to stay all proceedings until the Rapco bankruptcy proceedings are completed must and shall be denied.

■ Dome Home Systems, Inc. has also moved for summary judgment. Summary judgment cannot be granted unless there is no genuine issue of material fact. *Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972). Whether a fact is material depends on the substantive law at issue in a case. In products liability actions, the focus is not on the seller's failure to exercise ordinary care but on whether the seller has marketed a dangerously defective product. *Shawver v. Roberts Corporation,*

90 Wis.2d 672, 280 N.W.2d 226 (1979). In cases such as this one involving injury allegedly caused by a defective component part, both the manufacturer and the supplier of the defective component part are subject to a strict liability standard. *DeSantis v. Parker Feeders, Inc.*, 547 F.2d 357 (7th Cir. 1976), citing *City of Franklin v. Badger Ford Truck Sales, Inc.*, 58 Wis.2d 641, 207 N.W.2d 866 (1973). Dome Home Systems, Inc.'s status as a seller of the allegedly defective component part is therefore material to the resolution of plaintiffs' products liability claim.

As the moving party, Dome Home Systems, Inc. has the burden of showing the absence of any genuine issue of material fact. *Adickes v. S. H. Kress and Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The affidavits of the parties show that Dome Home's status as a seller of the insulation and paneling containing urea-formaldehyde foam is in dispute. Dome Home Systems asserts it did not sell or act as an agent for any seller of the insulation. Plaintiffs, on the other hand, contend that a proposal to furnish materials for their home signed by Dome Home Systems and the promotional brochure distributed by Dome Home Systems to plaintiffs' parents recommending the use of insulation and paneling containing urea-formaldehyde foam establish that Dome Home Systems actively marketed and sold the component parts alleged to have caused plaintiffs' injuries. Dome Home Systems, Inc. has therefore failed to meet its burden of showing the absence of a genuine issue of material fact, and the motion for summary judgment is accordingly denied.

Upon the foregoing decision,

IT IS HEREBY ORDERED THAT:

1. The application of plaintiff to lift the automatic stay to permit this action against Rapco Foam, Inc. is granted,

2. The motion of defendant Dome Home Systems, Inc. to dismiss the proceeding is denied, and

3. The motion of defendant Dome Home Systems, Inc. for summary judgment is denied.