In the Matter of ROBINTECH
INCORPORATED, Debtor.

CAPCO PIPE COMPANY, INC.,
Plaintiff,

v.

BRIDEWELL BROTHERS CONTRACT-
ING COMPANY, a partnership, United
States Fidelity & Guaranty Company, a
corporation, Defendants,

v.

ROBINTECH INCORPORATED,
Third-Party Defendant.

Bankruptcy No. 483–00558.
Adv. No. 83–0998.

United States Bankruptcy Court,
N.D. Alabama, S.D.

Dec. 28, 1983.

L. Vastine Stabler, Jr., Birmingham, Ala., Lee E. Bains, Jr., Bessemer, Ala., and David B. Anderson, Birmingham, Ala., for Capco.

Robert E. Paden, Bessemer, Ala., for Bridewell Bros.

## OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

This case comes before the Court on Plaintiff's petition for removal of a civil action filed on September 24, 1980 in the Circuit Court of Jefferson County, Alabama, in which Capco sued Bridewell Brothers on account. The cause of action arose when Bridewell Brothers refused to pay for goods (PVC pipe) supplied by Capco and to be used by Bridewell for installing water lines in the South Choctaw Water District. Bridewell Brothers counterclaimed on February 6, 1981 for breach of contract in that some of the pipe was defective. The outstanding balance allegedly owed by Bridewell is $14,457.87.

As a result of Bridewell Brother's counterclaim, Capco filed a Third-Party Complaint on June 9, 1981, against Robintech Incorporated, the manufacturer of said PVC pipe, alleging that if Capco was found liable to Bridewell, then Robintech would be liable to Capco because of Robintech's faulty manufacturing.

Thereafter, on July 20, 1983, Robintech filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, which imposed a stay on the pending Civil Action in Jefferson County, Alabama. On April 19, 1983, Capco filed this petition for removal, alleging that the Court had jurisdiction to hear this matter pursuant to Sections 1471(b) and 1478 of 28 U.S.C. Although the Court was satisfied that venue of a removal action was proper in the Northern District of Alabama, Southern Division (see Rule 9027, Bankruptcy Rules), the question immediately arose as to whether or not a bankruptcy court other than the court in which an original petition was filed can lift the automatic stay and permit a debtor to be sued.

None of the parties are asserting a lack of jurisdiction to hear the state court case in this Court. In fact, all the parties have appeared in this Court and signed a written consent to jurisdiction, except Robintech, Inc., who made no appearance either as Debtor-in-possession or as Trustee in Bankruptcy. Those appearing assert their desire to have the matter adjudicated to judgment and have filed no motion or application to transfer the case to the Northern District of Texas, Fort Worth Division.

Since suit is now against a Debtor in Chapter 11, the effect of the automatic stay immediately becomes an issue though no party has sought to raise this question. The Court has reviewed some of the cases construing Section 362 on whether another Bankruptcy Court may itself lift the automatic stay for the purposes of the suit before it without requiring the parties to seek relief in the Court where the original bankruptcy case is pending.

■ Section 362(a) confers on "the court" the burden to grant relief from the stay "after notice and a hearing". The Code does not in that section explain what "court" means, but it is obvious that it means the United States Bankruptcy Court as created by Section 152 of 28 U.S.C., Chapter 6. No definition of "court" is given in Section 101, but new Bankruptcy Rule 9027, dealing with removal, recites:

(a) APPLICATION.

(1) WHERE FILED; FORM AND CONTENT. An application for removal shall be filed in the bankruptcy court for the district and division within which is located the state or federal court where the civil action is pending.

.    .    .    .    .

(f) PROCEDURE AFTER REMOVAL.

(1) After removal of a claim or cause of action to a bankruptcy court the bankruptcy court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the court from which the claim or cause of action was removed or otherwise.

■ Does this Bankruptcy Rule confer on the Bankruptcy Court where removal is made jurisdiction to hear and decide the removed case? We hold that it clearly does so, and with it, the ability to lift the auto-

matic stay in order to exercise this jurisdiction. The order lifting stay would be "... necessary ... to bring before it (meaning this Court) all proper parties..." Rule 9027.

The Court recognizes the opposing viewpoints as set out in the two *Coleman American Companies, Inc.* cases,[1] but a review reveals that no reported cases on either side were decided after August 1, 1983, the effective date of the new Bankruptcy Rules. The several decisions[2] following the *Coleman* cases reported prior to August 1 show apparently divided authority, but what ever conflict that existed seems now to be resolved by new Rule 9027(f) as cited above.

In order for this Court to hear and decide and render a final judgment, it is necessary to lift the automatic stay for that limited purpose only. The judgment in this case will limit enforcement thereof as against the Debtor, Robintech, Inc., by filing a proof of claim in the Texas case, and this shall be provided by separate Order of Judgment.

Having overcome the procedural and jurisdictional problems, the Court makes these further findings of fact:

Bridewell Brothers contracted to lay approximately 40 miles of water lines in South Choctaw and Pennington Counties. It was a substantial contract calling for several hundred thousand dollars' worth of pipeline to be supplied by Capco. During the course of the job, Bridewell Brothers spotted sections of pipe it felt were defective. Capco was notified, and they in turn notified Robintech, the pipe manufacturer. A crew of technicians from Robintech were sent to the job site where they either repaired or replaced pipe as they deemed necessary after inspection. Bridewell then installed and buried only that pipeline Robintech's men represented to be good, and which appeared to be good.

It was only after installation was complete and pressurized water ran through the pipes that leaks were discovered. It was determined that miniscule "pin holes" were present in some pipe sections, causing the leaks. The cost of repairs to Bridewell Brothers, which were necessary to perform and complete its contract with South Choctaw Water District, and which remain unpaid, total $14,457.87. In addition, attorney's fees in the amount of $4,777.45 had been incurred by Capco, and interest in the amount of $7,028.51 has accrued on the amount owed Capco.

The Court finds, after careful consideration of the evidence presented, that the pipe in question was defective as a result of Robintech's faulty manufacturing, and that Bridewell Brothers acted in a prudent and businesslike manner when it installed pipe only on Robintech's advice.

Accordingly, judgment will be entered in favor of Capco Pipe Company, Inc. against Bridewell Brothers Contracting Company for $26,263.83, in favor of Bridewell Brothers Contracting Company on its counterclaim against Capco Pipe Company, Inc. for $26,263.83, and in favor of Capco Pipe Company, Inc. on its third party complaint against Robintech Incorporated for $26,263.83.

---

1. *Coleman American Companies, Inc.,* 6 B.R. 251, 6 B.C.D. 1077, 2 C.B.C.2d 1220 (Bkrtcy. Colo.1980), holding that the Colorado Bankruptcy Court has jurisdiction to lift stay against debtor who filed original petition in Kansas; *Coleman American Companies, Inc.,* 8 B.R. 384, 7 B.C.D. 127, 6 C.B.C.2d 162 (Bkrtcy.Kan.1981), holding that Kansas Court has exclusive jurisdiction to lift stay.

2. *In re Rapco Foam, Inc.,* 16 B.R. 765, 8 B.C.D. 857 (Bkrtcy.Mo.1982); *In re Rapco Foam, Inc.,* 23 B.R. 692, 693, 9 B.C.D. 858 (Bkrtcy.Wis. 1982); *Stamm v. Rapco Foam, Inc.,* 21 B.R. 715 (Bkrtcy.Penn.1982); *In re Whitehorn,* 9 B.R. 404, 405 (Bkrtcy.Ga.1981); *In re Dew Mortgage Company, Inc.,* 10 B.R. 242, 7 B.C.D. 583, 4 C.B.C.2d 535 (Bkrtcy.Fla.1981); *In re Burley,* 11 B.R. 369, 7 B.C.D. 861, 4 C.B.C.2d 652 (Bkrtcy.Cal.1981); *Jahan v. Dakota Industries, Inc.,* 27 B.R. 575 (D.C.N.J.1983); *Green Tie Realty Corporation,* 14 B.R. 923, 930, 8 B.C.D. 274, 5 C.B.C.2d 881 (Bkrtcy.N.Y.1981).