**In re MONROE PARK, a Limited Partnership, formerly known as Monroe Park, a Limited Partnership, with Henry L. Weinstein as General Partner, Debtor.**

**Bankruptcy No. 81–75.**

United States Bankruptcy Court, D. Delaware.

Feb. 22, 1982.

David Roeberg, Wilmington, Del., for Monroe Park.

Eduard F. von Wettberg, III, Wilmington, Del., for Metropolitan Life Ins. Co.

## MEMORANDUM DECISION

HELEN S. BALICK, Bankruptcy Judge.

A confirmation hearing is scheduled for tomorrow morning on Monroe Park's second modified plan. That plan proposes to cure certain defaults and reinstate its 1973 mortgage to Metropolitan Life Insurance Company pursuant to 11 U.S.C. § 1124. Metropolitan's objections to the plan are stated in the alternative. The parties agree that the first objection presents no factual dispute but a legal issue that should be resolved in advance of the hearing.

That issue is: Can a mortgage be cured and reinstated under 11 U.S.C. § 1124 following an order of this court granting unconditioned relief from the automatic stay for the purpose of permitting foreclosure to proceed and where a judgment of foreclosure has been obtained.

The parties and the court are quite familiar with the history of this case but a brief summary of facts is necessary to put some perspective on the issue. Monroe Park's plan comes to a confirmation hearing approximately seven months after this court granted Metropolitan relief from the stay. Thereafter, Metropolitan pursued its foreclosure proceeding in Superior Court of the State of Delaware. In September 1981, Monroe Park's original general partner was replaced by Verino Pettinaro. On various occasions, before and after that replacement, Monroe Park applied to this court, the District Court and the Superior Court of Delaware for stays pending appeal, reimposition of the automatic stay, imposition of a new stay and injunctive relief against the foreclosure action. Each and every application was denied.

On January 4, 1982 the Delaware Superior Court granted summary judgment in favor of Metropolitan. Monroe Park's motion for reargument was denied and on January 28, 1982 judgment *scire facias sur* mortgage was entered in the total amount of $6,450,-110.50 with interest from January 1, 1982 at 15% per annum plus costs.

It is clear that Congress intended a financially troubled debtor to be able to reorganize after there has been default and acceleration even in the face of state law which requires the consent of the creditor for cure and reinstatement once the entire amount has become due. However, the Senate Report on § 1124 suggests that this is a limited right, applicable to a *temporary* crisis which the plan is intended to clear away. See Senate Report No. 989, 95th Congress, 2nd Sess. 120 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Beyond that, neither the legislative history nor the Code is helpful. Further, there are no decisions directly on point.

However, in light of the facts and circumstances of this case as reflected in this court's decisions of July 13 and January 21, and the decision of the Superior Court granting summary judgment (Appendices A, B and C), it is now too late for the debtor to cure and reinstate. This would be so even if there was no judgment of foreclosure; but, there is a judgment of foreclosure. Under Delaware law the mortgage is merged in that judgment.

I cannot improve on Judge Goetz's analysis of the policy reasons she reached in concluding in *In re Pearson*[1] that cure of default and reinstatement of maturity date of a mortgage are no longer possible after entry of a foreclosure judgment. Those reasons are as applicable in a Chapter 11 as they are in a Chapter 13.

An appropriate order will be entered.

---

1. 10 B.R. 189 (Bkrtcy., E.D.N.Y.1981).