In the Matter of MADISON HOTEL ASSOCIATES, Debtor.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

MADISON HOTEL ASSOCIATES, Defendant.

Adv. No. 81–0261.

United States Bankruptcy Court, W. D. Wisconsin.

March 5, 1982.

David G. Walsh, Walsh, Walsh & Sweeney, S. C., Madison, Wis., for debtor, defendant.

Michael Erhard, Foley & Lardner, Madison, Wis., for MHA, Inc.

Gregory Scallon, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for Prudential Ins. Co. of America.

W. Dan Bell, Jr., Bell & Fox Law Offices, S. C., Madison, Wis., for committee of unsecured creditors.

Dennis L. Fisher, Hoyt, Greene & Meissner, S. C., Milwaukee, Wis., for Citizens Mortg. Inv.

ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

At the pretrial conference held January 25, 1982, in this case, it was determined by agreement of the parties that the sole remaining issue in this adversary proceeding is whether there is "cause," other than lack of adequate protection, as required by § 362(d)(1) for granting Prudential relief

from stay. Upon plaintiff's representation that the "cause" alleged was that Prudential would be delayed in the event the chapter 11 case were dismissed if it was not permitted during the chapter 11 proceeding to enter its foreclosure judgment against Madison Hotel Associates and commence the period for equity of redemption allowed by Wisconsin law. The debtor, Madison Hotel Associates, contended that plaintiff's alleged harm was not, as a matter of law, "cause" under 11 U.S.C. § 362(d)(1) for relief from stay. I agreed to consider the matter as if brought on a motion to dismiss upon the filing of briefs of counsel. The matter has been ably and thoroughly briefed.

Prudential had received a favorable order in a foreclosure action, but had not entered judgment on that order when this chapter 11 case was filed. Under Wisconsin law, the period in which the judgment debtor in a foreclosure action may redeem property commences upon the entry of judgment. Madison Hotel Associates will be entitled to a period of time (contended by plaintiff to be six months and contended by defendant to be one year) in which to redeem property subsequent to the entry of the foreclosure judgment. Prudential claims no monetary damage for lack of economic protection from the delay enforced by the automatic stay under 11 U.S.C. § 362. However, it contends that the delay itself causes a hardship which must be weighed against competing hardships suffered by the debtor if the stay is terminated.

Upon a review of the authorities cited in the various briefs of counsel and upon the representations of counsel at the pretrial conference, I am satisfied that relief from the automatic stay for "cause" is not, nor was it intended by the drafters of the Bankruptcy Code, to encompass mere delay in the assertion of rights where that delay is not accompanied by demonstrable economic loss. In this case, the occurrence of delay is speculative upon the failure of the debtor's efforts to reorganize under chapter 11. If those efforts are successful, Prudential will incur neither delay nor eco-

nomic loss. Even if those efforts are unsuccessful, there is no contention that Prudential will incur unprotected or uncompensated economic injury.

Upon the foregoing, it is hereby

ORDERED that the complaint of Prudential Insurance Company of America in this adversary proceeding be and hereby is dismissed.