### In the Matter of MADISON HOTEL ASSOCIATES, Debtor.

**Bankruptcy No. MM11–81–01455.**

United States Bankruptcy Court, W.D. Wisconsin.

June 30, 1983.

See also, Bkrtcy., 18 B.R. 218.

David G. Walsh, Walsh, Walsh, Sweeney & Whitney, S.C., Madison, Wis., for debtor.

Gregory E. Scallon, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for Prudential Ins.

Michael Erhard, Foley & Lardner, Madison, Wis., for MHA, Inc.

W. Dan Bell, Jr., Bell Law Offices, S.C., Madison, Wis., for creditors' committee.

Dennis Fisher, Hoyt, Greene & Meissner, S.C., Milwaukee, Wis., for CMIT.

## MEMORANDUM DECISION DENYING RELIEF FROM STAY

ROBERT D. MARTIN, Bankruptcy Judge.

On August 17, 1981, the United States District Court for the Western District of Wisconsin entered an order finding the debtor, Madison Hotel Associates, in default on a note to Prudential Insurance Company of America, ("Prudential"), and allowing Prudential to foreclose on the debtor's property, the Concourse Hotel. *Prudential v. Wild,* 79–C–44 (W.D.Wis. Aug. 17, 1981). On August 24, 1981, before judgment in the foreclosure action was entered, the debtor filed a chapter 11 petition, staying any further action by Prudential. Prudential now seeks relief from that stay, for the second time, so that it can have a judgment of foreclosure entered.

In December of 1981, Prudential sought relief from stay in this court, citing 11 U.S.C. § 362(d)(1), which provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

By that motion, as by this one, Prudential sought only modification of the stay to enter its foreclosure judgment, so that the redemption period would start running. The "cause" alleged in that proceeding was that Prudential would be harmed more by delay in collecting on its security than the debtor would be by allowing the redemption period to run. Prudential has not contended in either proceeding that it lacks adequate protection for any financial loss which any anticipated delay might entail. This court denied Prudential's request in an order dated March 5, 1982 stating:

> Upon a review of the authorities cited in the various briefs of counsel and upon the representations of counsel at the pretrial conference, I am satisfied that relief from the automatic stay for 'cause' is not, nor was it intended by the drafters of the Bankruptcy Code, to encompass mere delay in the assertion of rights where that delay is not accompanied by demonstrable economic loss. In this case, the occurrence of delay is speculative upon the failure of the debtor's efforts to reorganize under chapter 11. If those efforts are successful, Prudential will incur neither delay nor economic loss. Even if those efforts are unsuccessful, there is no contention that Prudential will incur unprotected or uncompensated economic injury.

*In Re Madison Hotel Associates,* 18 B.R. 218, 219 (Bkrtcy.W.D.Wis.1982).

On July 14, 1982 this court confirmed the debtor's plan, which provided for payment of the default and reinstatement of the mortgage. The court ruled that pursuant to 11 U.S.C. § 1124(2) the debtor could cure defaults and that Prudential was not impaired. On appeal, that ruling was reversed by the district court which held that 11 U.S.C. § 1124(2) created no remedy empowering the debtor to decelerate Prudential's judicially recognized right to foreclose. *In Re Madison Hotel Associates,* 29 B.R. 1003 (D.C.W.D.Wis.1983). The decision of the district court is now on appeal to the U.S. Court of Appeals for the Seventh Circuit.

At the preliminary hearing held in this matter on June 27, 1983, Prudential's sole argument was that the debtor must now prove how it would be harmed by allowing the redemption period to run. Prudential

cited as authority for its proposition the holding of this court in a case where relief was requested for "cause," that under 11 U.S.C. § 362(g)(2) the burden of proof rests upon the debtor to show there is not a cause to lift the stay. *See In Re Rapco Foam, Inc.,* 23 B.R. 692, 695 (Bkrtcy.W.D.Wis. 1982).

However estimable that authority may be where a sound legal basis for relief has been presented by the application or complaint, Prudential has not shown any legal basis for the relief different from that rejected in this court's order of March 5, 1982. The court's conclusion that mere delay in foreclosure is not "cause" within the meaning of 11 U.S.C. § 362(d)(1) was never appealed, and no contrary holding of any court has been cited.

Prudential apparently makes no contention that the district court's recent decision on confirmation of the plan in this case has any effect on the question of relief from stay except to make further delay probable. As a result of the district court's decision it may be more difficult for the debtor to secure confirmation of a plan, and ultimately succeed in its reorganization. However this court, in its March 5, 1982 order, considered the possibility that the plan would ultimately fail and found no basis to conclude that Prudential would "incur unprotected or uncompensated economic injury." 18 B.R. at 219. The district court cited a number of cases in support of its conclusion that Prudential, holding a judicially determined right to foreclose, was impaired. None of those cases, however, considered whether a creditor, so impaired, should be granted relief from stay for "cause" other than lack of adequate protection. In *In Re Saint Peter's School,* 16 B.R. 404 (Bkrtcy.S.D.N.Y.1982) the court granted relief from stay, finding that the foreclosure judgment holder was not adequately protected where debtor only sought to delay the ultimate liquidation of the estate. *In Re Monroe Park,* 18 B.R. 790 (Bkrtcy.D.Del.1982) and *In Re Antilles Yachting, Inc.,* 4 B.R. 470 (Bkrtcy.D.V.I.1980) involved only the issue of the power to cure defaults under 11 U.S.C. § 1124.

No legal basis for relief having been suggested by Prudential, no further evidentiary hearing need be scheduled. Prudential's request for relief from stay must be and hereby is denied.