In re DEW MORTGAGE COMPANY, INC., Debtor.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF JACKSONVILLE, Plaintiff,

v.

DEW MORTGAGE COMPANY, INC., Defendant.

In re Dale E. WITSMAN and Patricia A. Witsman, Debtors.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF JACKSONVILLE, Plaintiff,

v.

Dale E. WITSMAN and Patricia A. Witsman, Defendants.

Bankruptcy Nos. 81–3010–A, 81–3011–A. Ancillary Nos. 81–3010–A, 81–3011–A.

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

April 6, 1981.

David L. Fleming, Jacksonville, Fla., for plaintiff.

Richard W. Sterling, Belleville, Ill., for defendants.

## ORDER DENYING MOTION TO DISMISS OR TRANSFER

GEORGE L. PROCTOR, Bankruptcy Judge.

On January 30, 1981, defendants filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of Illinois. Plaintiff has filed a complaint for relief from stay in this Court. Plaintiff holds a first mortgage on real property located within the Middle District of Florida. On January 7, 1981, it obtained a final judgment of foreclosure in state court, and a foreclosure sale was set for February 23, 1981. Defendants hold a second mortgage on the same property and were defendants in the state court action. They have responded with a motion to dismiss for lack of proper venue or, in the alternative, to transfer venue to the Southern District of Illinois.

Initially, the Court is satisfied that it has jurisdiction of this action for the reasons enunciated by Judge Clark in *In re Coleman American Companies, Inc. (Littleton National Bank v. Coleman American Companies, Inc.)*, 6 B.R. 251 (Bkrtcy.D.Colo. 1980). The Court believes that in enacting the Bankruptcy Reform Act of 1978, Congress intended to create a bankruptcy court of national scope applying uniform principles.

Defendants urge the Court to dismiss this adversary proceeding for lack of proper venue. Rule 712 of the Rules of Bankruptcy Procedure renders F.R.C.P. 12 applicable in adversary proceedings. F.R.C.P. 12(b) provides, in relevant part, as follows:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in a responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue . . . .

The rule does not create the right of venue, but only specifies the manner in which an objection to venue may be raised. The amendments to Title 28, United States Code, contained in the Bankruptcy Reform Act create a comprehensive venue scheme in bankruptcy, and it is under those amendments that the defendants' rights lie.

The general venue statute of proceedings arising under or related to bankruptcy cases is found at 28 U.S.C. § 1473. This section lists five subsections under which venue will always lie. These venue provisions are permissive, not exclusive; each subsection provides that an adversary proceeding "may" be initiated in a particular court. If venue is "proper," a court may still transfer a proceeding to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties, under the provisions of 28 U.S.C. § 1475. If venue is "improper," under 28 U.S.C. § 1477 the court may cure the venue defect through transfer of the proceeding or it may waive the defect and retain the case, again in the interest of justice and for the convenience of the parties. This section is in sharp contrast to cure or waiver of venue defects in the District Court. Section 1406(a), Title 28, provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (emphasis added).

Thus, it appears that a bankruptcy court may not dismiss an adversary proceeding for improper venue, and that its only options are to retain or transfer the proceeding.

Defendants urge, in the alternative, that these adversary proceedings be transferred to the Southern District of Illinois. This motion requires an inquiry into what is meant by "in the interest of justice and for the convenience of the parties" and how it applies to the instant case.

Defendants cite *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979), for a listing of the considerations used in determining the convenience of the parties:

(1) The proximity of creditors of every kind to the court;

(2) The proximity of the debtor to the court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The potential need for ancillary administration.

Plaintiff contends that the *Commonwealth* criteria apply only to the transfer of an entire case and that the pertinent tests may be derived from Bankruptcy Rule 782, which permits the transfer of an adversary proceeding "in the interest of justice and for the convenience of the parties." Rule 782 is very similar to 28 U.S.C. § 1404, Change of Venue. Under that section, the appropriate considerations for transfer of venue are the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the costs to and for willing witnesses, possibility of view of premises, and other practical problems. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ In order to decide whether it should retain the instant proceeding, the Court does not find it necessary to select one of the two foregoing tests. "In the interest of justice and for the convenience of the parties" is a flexible standard. The appropriate consideration in deciding whether to transfer should be the *Commonwealth* criteria with emphasis on elements (2), (3), (4), and (5).

■ In a relief from stay action the proximity of non-party creditors is of little moment. However, there should be a strong presumption that the "home" court is the appropriate forum for litigating matters concerning the estate. As a rule, the administration of estates should not be fragmented. But, although there may be a real possibility that the estate might exhaust itself defending various actions in bankruptcy courts distant from its own, the cost to the debtor of defending an action in another district should not in itself prevail in equity over the plaintiff's cost of travel to Illinois to prosecute this action. One side or the other will have to travel; being a debtor under Title 11 is not sufficient reason for never having to travel.

Countervailing the presumption of the home court as forum are the factors of relative ease of obtaining witnesses and access to sources of proof. The issue in this relief from stay action is lack of adequate protection. The defendants' books and records are in the Southern District of Illinois, while the plaintiff's are likewise in this district. Witnesses to testify on the amount and nature of the debt are similarly geographically divided. All other witnesses and sources of truth as to the valuation and condition of the real property are within this district. Were this relief from stay action to go forward in Illinois, defendants would still have to hire appraisers in this district to view the property and then bring them to Illinois for the purpose of trial. Further, in the unlikely event that the Court desires to view the property itself, that view would have to take place in the Middle District of Florida.

Matters concerning real property have always been of local concern and traditionally are decided at the situs of the property. Were the stay to be lifted so that the foreclosure could continue, that foreclosure could only proceed in the local courts. An additional equitable consideration is that the plaintiff never did business with the defendants. The plaintiff did not lend the defendants money, with the implicit risk that a distant Chapter 11 might ensue. On the contrary, defendant accepted a junior mortgage in a distant state; a business practice which may now entail some costly consequences.

This Court makes this ruling with some trepidation. A Pandora's box may have been opened, resulting in a flood of ancillary proceedings. This Court has an ample caseload without assuming other courts' cases and wishes to emphasize that the presumption for deciding all bankruptcy matters in a single forum will not be lightly overcome.

Wherefore, in view of the foregoing discussion, the defendants' motion to dismiss for improper venue or to transfer is denied.