## In re JOHNS–MANVILLE CORPORA-TION, et al., Debtors.

Melvin EVANS, James C. Arrant, Doris M. Aulds, Noland A. Blood, Claude L. Boles, Ira A. Brown, William S. Brunson, George L. Canfield, Tommy Christy, Edward R. Corley, Elisha Dawson, Jr., Vandie Lee Foster, Simmie L. Heisler, Richard E. Have, Burrell R. Newman, Kenneth O. Sawyer, Lenorada Faye Sawyer, Charles W. Walker, Noland B. White, Jimmy J. Wilson, James C. Williams, Mable E. Winbourne, J.P. Wyatt, Kenneth L. Bryan, Vernon C. King, and Ishmael E. Stuckey, Plaintiffs,

v.

## MANVILLE FOREST PRODUCTS CORPORATION, Defendant.

Bankruptcy Nos.
82B11656(BRL)–82B11676(BRL).
Adv. No. 583–0–24.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Nov. 10, 1983.

C. Daniel Street, Monroe, La., for plaintiffs.

George M. Wear, Jr., Monroe, La., for debtor-in-possession.

Joel Holstein, of Levin & Weintraub & Crames, New York City, John J. Hemrick, West Monroe, La., corporate atty., for debtor-in-possession.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

The issue is whether this Bankruptcy Court should retain this adversary proceeding or transfer the adversary proceeding to the home Bankruptcy Court where the Chapter Eleven petition was filed.

On August 26, 1982, Manville Forest Products Corporation ("MFPC"), together with twenty (20) affiliated entities (collectively, "Manville"), filed petitions for reorganization, under Chapter 11, Section 301 of the Bankruptcy Code, in the United States Bankruptcy Court, for the Southern District of New York ("New York Bankruptcy Court") and was continued in the management and operations of its business and properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As a result of the filing by Manville of the Chapter 11 petitions, the automatic stay under Section 362 of the Bankruptcy Code ("Automatic Stay") applicable to all entities went into effect prohibiting the commencement or continuation of any judicial or administrative proceeding that could have been commenced before or was pending at the time of the commencement of Manville's reorganization under the Bankruptcy Code. In addition, pursuant to an order dated August 26, 1982, signed by the New York Bankruptcy Court ("Restraining Order"), all persons and entities were and continue to be stayed, restrained and enjoined from violating the Automatic Stay.

Manville is one of the largest companies to seek relief under the Bankruptcy Code or under the former Bankruptcy Act. Manville is engaged in activities throughout the world and in connection therewith maintains manufacturing and other facilities in approximately thirty (30) states and engaged in business in all of the United States. Manville employs approximately 25,000 persons, has approximately 50,000 equity holders and approximately 100,000 known creditors, and is a defendant or co-defendant in approximately 20,000 pending law suits.

On October 17, 1983, MFPC filed a plan for reorganization ("Plan") with the New York Bankruptcy Court. Pursuant to an order of the Bankruptcy Court of even date and upon application of MFPC, (1) MFPC was directed to file a disclosure statement under Section 1125 of the Bankruptcy Code on or before November 10, 1983 and (2) the time within which MFPC is afforded the

exclusion right to solicit acceptance to the Plan was extended to and including January 31, 1984.

At the time of the filing of said Chapter 11 proceeding there was pending a suit in the United States District Court, for the Western District of Louisiana, filed by the Plaintiffs in this adversary proceeding against the defendant in this adversary proceeding.

Also at the time of the filing of said Chapter 11 proceeding there was pending a suit in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana filed by the Plaintiffs in this adversary proceeding against the defendant in this adversary proceeding.

The Plaintiffs in this adversary proceeding filed a complaint with the Bankruptcy Court, for the Western District of Louisiana, Monroe Division, to terminate the automatic stay and restraining order resulting from the filing of the Chapter 11 proceeding by MFPC in the Southern District of New York. The Plaintiffs are former employees of Manville Forest Products Corporation who who had instituted two lawsuits described in their complaint which are basically wage claims.

The Plaintiffs contend that they are without resources to obtain New York counsel and to travel to New York.

## CONCLUSIONS OF LAW

28 U.S.C. 1477 provides:

"(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under Section 1475 of this title, such case or proceeding to any other district or division."

The Plaintiffs cited one case where an adversary proceeding was filed in a Bankruptcy Court other than the home Bankruptcy Court. In the case of *In re Dew Mortgage Company, Inc.,* Bkrtcy, Fla., 1981, 10 B.R. 242, the Bankruptcy Court for the Middle District of Florida ruled that it would retain a proceeding filed in that district seeking relief from an automatic stay in a bankruptcy proceeding which had been initiated in Illinois, because the property as to which relief from the automatic stay sought was located in Florida, witnesses were located in both districts, and appraisers would have to be hired in Florida to view the property and then taken to Illinois for trial if the Florida Court did not keep the case.

However, the court in *In re Dew Mortgage, supra,* in ruling against the transfer stated:

"... However, there should be a strong presumption that the 'home' court is the appropriate forum for litigating matters concerning the estate. As a rule, the administration of estates should not be fragmented. But, although there may be a real possibility that the estate might exhaust itself defending various actions in bankruptcy courts distant from its own, the cost to the debtor of defending an action in another district should not in itself prevail in equity over the plaintiff's cost of travel to Illinois to prosecute this action. One side or the other will have to travel; being a debtor under Title 11 is not sufficient reason for never having to travel."

It appears that the court in *In re Dew Mortgage, supra,* found the strong local interest in dealing with the disposition of real property persuasive in deciding to retain the adversary proceeding. See also *In re Landmark Capital Company,* Bkrtcy.S.D.N.Y.1982, 19 B.R. 342, 6 C.B.C.2d 447 wherein Judge Babitt analyzed proper venue for a Chapter 11 proceeding pertaining to real estate in Arizona and indicated that but for the location of the real estate, venue would have been proper in New York. The issue involved in this adversary proceeding does not involve real estate as was involved in the above named cases. Also, the Court in *In re Dew Mortgage Company, supra,* in ruling against the debtor stated:

"This Court makes this ruling with some trepidation. A Pandora's box may have

been opened, resulting in a flood of ancillary proceedings. This Court has an ample caseload without assuming other court's cases and wishes to emphasize that *the presumption of deciding all bankruptcy matters in a single forum will not be lightly overcome.*

28 U.S.C. 1477 must be construed in light of particular circumstances of Manville's Chapter 11 proceedings. The New York Bankruptcy Court which is responsible for overseeing the Chapter 11 cases herein has developed a familiarity and expertise with the unique issues raised by the Chapter 11 proceedings. Consequently, the New York Bankruptcy Court is aware that not only must Manville deal with the difficulty of formulating a plan or plans for an entity of enormous size, but that Manville must also develop in the plan or plans of reorganization a method which will address the unique issue of providing compensation for asbestos health-related disease and disability to claimants in presently pending lawsuits and future potential claimants. Additionally, the New York Bankruptcy Court has become familiar with the factual and legal complexities of Manville's Chapter 11 cases and related litigation and with the individual Chapter 11 proceeding of MFPC in relation to the proceeding as a whole.

If applications to modify the automatic stay were heard in diverse jurisdictions throughout the nation, (1) inconsistent verdicts might result through unfamiliarity with the overall Chapter 11 picture and (2) the New York Bankruptcy Court's ability to properly oversee the Chapter 11 proceedings would be undermined. The New York Bankruptcy Court is familiar with the "totality of the factors" involved in the Chapter 11 proceedings and is therefore best able to balance the equities in making a final determination as to whether or not to modify the Automatic Stay in a particular situation.

Bankruptcy Judge Lifland entered the restraining order on August 26, 1982 and has not vacated that order in the time which has elapsed since the filing. The automatic stay is a very important tool of the court in administrating bankruptcy cases. This Court believes that a decision to grant relief from an automatic stay should be decided by the "home" Bankruptcy Court.

There are 26 Plaintiffs in this adversary proceeding that are requesting relief from the automatic stay. It appears that the shared cost to the individual plaintiffs for representation before the New York Bankruptcy Court for the purpose of seeking relief from the automatic stay is not a large sum.

For the reasons stated above this Court orders that this adversary proceeding be transferred to the Bankruptcy Court for the Southern District of New York.